Charles L. Robinson, Legislative Auditor Legislative Joint Auditing Committee State Capitol Little Rock, Arkansas
Dear Mr. Robinson:
This letter is in response to your request for an opinion concerning the management of hospital rental funds pursuant to a 30-year lease agreement between Marion County, Inc. and its assignees for the lease of the Marion County Hospital, inasmuch as the Board of Governors has not employed an administrative officer and none of the Board members are bonded. Your specific questions are:
 1. After the Marion County Hospital has been leased, may the county hospital Board of Governors retain and/or expend hospital rental funds, or should such funds be transferred to the custody of the County Treasurer?
 2. If the Board can retain and/or expend the funds, must the Board hire an administrative officer?
 3. If the Board can retain and/or expend the funds, must the person(s) responsible for these funds be bonded?
In response to your first question, Ark. Stat. Ann. 17-1501 charges the Board of Governors with the duty to manage, control and operate the county hospital. The Board is also empowered to lease the hospital subject to approval of the county judge and quorum court. Ark. Stat. Ann. 17-1504.
The powers of the Board are more specifically enumerated in Ark. Stat. Ann. 17-1503. That section empowers but does not require the Board or its administrative officer to make reports and/or settlements to the County Treasurer. The Board is further required to make monthly reports to the County Judge and quorum court. The Board therefore appears to have the discretion to retain the funds received from the hospital operation and/or lease to use for managing, controlling and supervising the operation of the hospital. The Board would also have the discretion to report and pay settlements to the county treasurer if it determined said sums were not required for its management, control or supervision of the hospital.
In response to your second question, Ark. Stat. Ann. 17-1503 also empowers the Board to employ personnel for the operation of the hospital. In addition to employing the other personnel, the Board shall employ an administrative officer. However, this requirement appears to be tied to the Board's operation of the hospital. Ark. Stat. Ann. 17-1504, which empowers the Board to lease the hospital for operation by third parties, does not address hiring an administrative officer.
In the event the Board leases the hospital for third party operation, the Board retains the underlying responsibility for its management, control and operation. No express powers are granted for the Board to execute that duty. However, if the Board determined that an administrative type officer was necessary to perform certain duties in conjunction with the leased hospital, the Board should have the power to employ same, necessarily implied from the express duties for the management and supervision of the hospital. See Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177 (1941).
Your third question addresses whether a bond is required for the person(s) responsible for these funds. Section 17-1503 explicitly states that the Board "may require such bond as they deem necessary of such [Administrative Officer] or other such personnel . . ." This language permits the Board to exercise its discretion in whether to bond its administrative officer or other personnel; a bond is not required. There is no express language in Ark. Stat. Ann. 17-1501, et seq. addressing whether Board members must be bonded. However, it would appear that the Board would have the discretion to bond its members from its general powers and duties to manage, control and supervise the hospital.
Ark. Stat. Ann. 12-241 et seq. also addresses bonds for county officers and employees who are defined to be all elected and appointed salaried county officials and salaried employees, excluding, however, members of county boards and commissions. Also excluded are officials and employees of county hospitals. Accordingly, the mandatory bonding requirements for county officials and employees found at Ark. Stat. Ann. 12-252 do not include county hospital board members.
Ark. Stat. Ann. 17-4301 et seq. creates a blanket bond program which counties have the option to join. If a county participates, all county officials and employees, as defined, shall participate. Ark. Stat. Ann. 17-4303. Those officials and employees are defined as elected officers, their employees and deputies. County board and commission members are excluded. Therefore, no bond coverage of board members or administrative officer is required by this statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.